UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEN OUTDOORS INC., a Delaware corporation;<br><br>Plaintiff,<br><br>v.<br><br>DEN CONSTRUCTION LLC., an Arizona limited liability company;<br><br>Defendant. | Index No: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Den Outdoors Inc ("Den" or "Plaintiff"), by and through its attorney of record, hereby alleges as follows:

## NATURE OF ACTION

1. This action arises from the Den Construction LLC's ("Defendant") willful violation of Plaintiff's trademark rights by its adoption of Plaintiff's registered trademark, "DEN". Defendant's actions have likely already resulted in and will continue to cause consumer confusion, including but not limited to confusion on social media, in trade publications, and by individuals regarding the source of the parties' products. Plaintiff seeks actual damages, disgorgement of profits, attorneys' fees and costs, injunctive relief, and other appropriate relief pursuant to all applicable federal and state laws.

## PARTIES

2. Plaintiff is Delaware Corporation with a principal place of business located at 25 Corning Street, #495, Rhinecliff, NY 12574.

3. Defendant, formally named Den AZ LLC ("Defendant") is an Arizona limited liability company with its principal place of business located at 2625 East Camelback Rd., unit 407, Phoenix, AZ 85016, USA.

## JURISDICTION

4. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 28 U.S.C. § 1367. Plaintiff's federal claims are predicated on 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and (c), and its claims arising under the laws of the State of New York are substantially related to its federal claims such that they form part of the same case or controversy.

5. This Court has personal jurisdiction over Defendant because it regularly transacts business in New York, and this action arises out of its conduct in New York. Defendant maintains its principal place of business in New York, operates its office and administrative functions out of New York, and, on information and belief, has sold infringing products to customers located in New York.

## VENUE

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred within this judicial district. Defendant maintains its principal place of business in this judicial district, operates its office and administrative functions out of this judicial district, and, on information and belief, has sold infringing products to customers located in this judicial district.

## FACTS
### DEN MARK and Registration

7. Plaintiff owns and operates "DEN", a construction and design company that sells designs and prefabricated kits and prepackaged building materials for the building of guest homes,

single family homes and/or auxiliary dwelling units around the entire country. It owns and operates a website offering said goods and services at https://denoutdoors.com/.

8. On June 22, 2020, Mr. , LLC applied for a federal trademark for the word mark "DEN" for the following goods and services in Class 19: "Non-metal building materials, namely, pre-cut wood kits comprising wood building panels, plywood floor panels, lumber and plywood doors for building residential structures, namely, houses and cabins." which application matured into Registration No. 6286561 on March 9, 2021 and is attached hereto as **Exhibit A**. This mark was first used in commerce at least as early as June 22, 2020.

9. On August 31, 2021, Mr. , LLC, a New Jersey limited liability company was converted into a Den Outdoors Inc, a Delaware corporation.

10. After the conversion Mr. , LLC assigned the DEN Mark and all associated rights, title, and interest together with all associated goodwill to Plaintiff.

11. Plaintiff actively uses and markets its goods and services under the mark shown in U.S. Federal Trademark Registration No. 6286561 (hereinafter the "DEN Mark").

**Defendant's Sale of Infringing Products**

11. On information and belief, on or about February 26, 2021 Defendant, without authorization of Plaintiff, began selling guest homes, single family homes and/or auxiliary dwelling units, which include prepackaged building materials necessary for building of said guest homes, single family and/or auxiliary dwelling units under the name "DEN".

12. As a result, Defendant has infringed the DEN Mark, caused consumer confusion in the marketplace, and damaged Plaintiff's business and reputation.

13. On November 4, 2021, Plaintiff, via its counsel, sent a cease-and-desist letter to Defendant notifying Defendant that it was infringing the DEN Mark.

14. Defendant, through its counsel, acknowledged receipt of the letter. Nonetheless, Defendant continues to infringe the DEN Mark on its website (https://www.denarizona.com/) and upon information and belief continues to use the DEN Mark in association with Defendant's goods and services.

**FIRST CAUSE OF ACTION**
**Trademark Infringement**
**15 U.S.C. § 1114**

15. Plaintiff re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

16. Plaintiff is the owner of the DEN Mark.

17. Plaintiff has registered the DEN Mark with the United States Patent and Trademark Office.

18. The DEN Mark is a valid and subsisting trademark in full force and effect.

19. Defendant's use of the DEN Mark in connection the construction of and/or sale of guest homes, single family and/or auxiliary dwelling units, which include prepackaged building materials necessary for building of said guest homes, single family and/or auxiliary dwelling units is likely to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's products or services are affiliated with, sponsored by, or endorsed by Plaintiff, and/or as to whether Plaintiff's products or services are affiliated with, sponsored by, or endorsed by Defendant.

20. Defendant's actions constitute infringement of the DEN Mark in violation of the Lanham Act, 15 U.S.C. § 1114.

21. Defendant acted with actual and/or constructive knowledge of the registered DEN Mark, and, on information and belief, with deliberate intention to confuse consumers, or with willful blindness to Plaintiff's rights.

22. Defendant has made and will continue to make substantial profits and/or gains to which it is not entitled.

23. As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer immediate and irreparable harm as well as great damage to its business, goodwill, reputation, and profits in an amount to be proven at trial. Plaintiff remedies at law are inadequate to compensate for this harm and damage.

24. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief enjoining Defendant's infringing conduct.

25. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to enhanced damages and an award of attorneys' fees.

## SECOND CAUSE OF ACTION
**Unfair Competition and False Designation of Origin**
**15 U.S.C. § 1125(a)(1)(A)**

26. Plaintiff re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

27. Plaintiff is the owner of DEN Mark.

28. Plaintiff has registered the DEN Mark with the United States Patent and Trademark Office.

29. The DEN Mark is a valid and subsisting trademark in full force and effect, and is thereby entitled to protection under the Lanham Act.

30. Defendant has demonstrated a deliberate intent to trade off the goodwill of the DEN Mark at the expense of Plaintiff.

31. The Defendant's deliberate conduct is likely to result in consumers purchasing the Defendant's products in mistaken belief that they originate from Plaintiff's business.

32. Defendant's use of a mark which is confusingly similar to the DEN Mark in connection with identical or highly similar goods is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

33. Defendant's actions, as set forth, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendant's actions have materially damaged the value of the DEN Mark and caused significant damage to Plaintiff's business relations.

35. As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer immediate and irreparable harm as well as great damage to her business, goodwill, reputation, and profits in an amount to be proven at trial. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

36. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief enjoining Defendant's infringing conduct.

37. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to enhanced damages and an award of attorneys' fees.

### THIRD CAUSE OF ACTION
**New York State Common Law Trademark Infringement**

39. Plaintiff re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

40. This claim arises under the laws of the State of New York.

41. Plaintiff is the owner of the DEN Mark.

42. Plaintiff has registered the DEN Mark with the United States Patent and Trademark Office.

43. The DEN Mark is a valid and subsisting trademark in full force and effect.

44. Defendant's use of the DEN Mark in connection with the construction of and/or sale of guest homes, single family and/or auxiliary dwelling units, which include prepackaged building materials necessary for building of said guest homes, single family and/or auxiliary dwelling units is likely to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's products or services are affiliated with, sponsored by, or endorsed by Plaintiff, and/or as to whether Plaintiff's products or services are affiliated with, sponsored by, or endorsed by Defendant.

45. Defendant acted with actual or constructive knowledge of the registered DEN Mark and, on information and belief, with deliberate intention to confuse consumers, or with willful blindness to Plaintiff's rights.

46. Defendant has made and will continue to make substantial profits and/or gains to which it is not entitled.

47. As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer immediate and irreparable harm as well as great damage to its business, goodwill, reputation, and profits in an amount to be proven at trial. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

48. Plaintiff is also entitled to punitive damages because Defendant has acted with such a conscious and deliberate disregard of the interests of others that its conduct may be called willful or wanton.

## FOURTH CAUSE OF ACTION
### Unfair and Deceptive Business Practices NY GEN Bus. L. § 349

49. Plaintiff re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

50. This claim arises under the laws of the State of New York.

51. Defendant has engaged and is engaging in consumer-oriented conduct which is deceptive or misleading in a material way, constituting unfair and deceptive business practices in violation of § 349 of the NY General Business Law.

52. Defendant's knowing and willful use of the DEN Mark in connection with the construction of and/or sale of guest homes, single family and/or auxiliary dwelling units, which include prepackaged building materials necessary for building of said guest homes, single family and/or auxiliary dwelling units is likely to mislead a sensible consumer acting reasonably under the circumstances.

53. Defendant's conduct is likely to deceive or mislead consumers as to whether Defendant's products or services are affiliated with, sponsored by, or endorsed by Plaintiff, and/or as to whether Plaintiff's products or services are affiliated with, sponsored by, or endorsed by Defendant.

54. Defendant's conduct has resulted or is likely to result in consumer injury or harm to the public interest.

55. As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer immediate and irreparable harm as well as great damage to her business, good will, reputation, and profits in an amount to be proven at trial. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief and judgment as follows:

A. Judgment in favor of Plaintiff and against Defendant in an amount to be determined at trial, including, but not limited to, compensatory damages, statutory damages, restitution, including disgorgement of profits, enhanced damages, punitive damages, and prejudgment and post-judgment interest, as permitted by law;

B. For an order directing Defendant to pay for an implement a campaign of corrective advertising and to disgorge its ill-gotten gains;

C. A preliminary and permanent injunction enjoining Defendant and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendant, and all of those in active concert and participation with Defendant from advertising, selling, importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, promoting, or displaying products bearing the DEN Mark or confusingly similar variants thereof.

D. An award of attorneys' fees, costs, and expenses.

D. Such other and further relief as the Court deems just, equitable and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Den Outdoors Inc. demands a trial by jury on all issues so triable.

Dated: January 19, 2022          **MAVRONICOLAS LAW GROUP PLLC**

                                                   */s/ Gregori D. Mavronicolas*
                                                   Gregori D. Mavronicolas (GM 4616)
                                                   Nicholas Ranallo – Of Counsel (NR0985)
                                                   228 East 45th Street, Suite 605

New York, New York 10017
Tel: (646) 484-9569
gmavronicolas@mavrolaw.com
nranallo@mavrolaw.com

***Attorneys for Plaintiff Den Outdoors Inc.***